# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

### Holding a Criminal Term

### Grand Jury Sworn in on May 5, 2015

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| | : | |
| v. | : | GRAND JURY ORIGINAL |
| | : | |
| CHRISTOPHER DRAKE, | : | VIOLATIONS: |
| | : | 18 U.S.C. § 2113(a) |
| Defendant. | : | (Attempted Bank Robbery) |
| | : | 18 U.S.C. § 2113(a) and § 2113(e) |
| | : | (Bank Robbery) |
| | : | |
| | : | FORFEITURE: |
| | : | 18 U.S.C. § 981(a)(1)(C); |
| | : | 28 U.S.C. § 2461(c) and 21 U.S.C. § 853(p) |

## I N D I C T M E N T

The Grand Jury charges that:

### COUNT ONE

On or about June 23, 2016, within the District of Columbia, **CHRISTOPHER DRAKE**, by force, violence and intimidation did attempt to take from the person and presence of another, money, belonging to and in the care, custody, control, management and possession of the Industrial Bank, the deposits of which were then insured by the Federal Deposit Insurance Corporation.

(**Attempted Bank Robbery**, in violation of Title 18, United States Code, Section 2113(a))

## COUNT TWO

On or about June 23, 2016, within the District of Columbia, **CHRISTOPHER DRAKE**, by force, violence and intimidation did take from the person and presence of another, money belonging to and in the care, custody, control, management and possession of the Citibank, the deposits of which were then insured by the Federal Deposit Insurance Corporation; and in the commission of the offense, the defendant, did knowingly, willfully and unlawfully force Angela Ford to accompany him without her consent.

(**Bank Robbery**, in violation of Title 18, United States Code, Sections 2113(a) and 2113(e))

## FORFEITURE ALLEGATION

1. Upon conviction of the offense alleged in Count Two, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to this offense, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). The United States will also seek a forfeiture money judgment against the defendant in the amount of $500.

2. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

> (**Criminal Forfeiture**, pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United Sates Code, Section 2461(c), and Title 21, United States Code, Section 853(p))

A TRUE BILL:


FOREPERSON


Attorney of the United States in
and for the District of Columbia